Good morning. May it please the Court. My name is Peter Wolfe. I represent Mr. Lichtenberg. I'm going to try to save two minutes of rebuttal, but if it goes like the last argument I may not succeed. So the first claim we have here has to do with the correct calculation of the guidelines or not, and particularly the criminal history points to be assessed or not to a violation of a protective order. And I think that that issue can basically be resolved fairly easily by just looking at what the government's answering brief says about the question. At four separate points in the answering brief, the United States concedes that a violation of HRS Section 586-11A, which is a violation of a protection order, is contempt of court. So at page 21, the court, the brief says the United States recognizes that a violation of the state's court's order for protection is a form of contempt of court. And at page 31, the United States says the elements track closely and has recognized super the elements of a contempt violation are likely to be met if the elements under HRS Section 586-11 are satisfied. At 36, the brief says again the United States recognizes that a violation of an order for protection is a contempt of court. And finally, at note 22 on page 36, the brief states again the United States does not dispute that a violation of a protection order could be charged as a contempt of court. So we have the language from Guidelines Section 4A1.2C1, which says, in reference to this particular question, sentences for misdemeanor and petty offenses are counted except as follows. Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted and only under circumstances don't apply here. And one of the enumerated offenses which aren't counted is contempt of court. So if the United States agrees that violation of a protection order is contempt of court, really I think the issue is over. We don't have to go further than contempt. But is it a form of contempt of court? A form of contempt of court. And so we have to look at the provisions of the guideline in the comments to compare those two. I don't think so. I think that step would occur if it wasn't conceded that it was a form of contempt of court, but the argument was about whether or not it was similar to contempt of court. If it is contempt of court or a form of contempt of court, it's not counted. If it's argued that it's similar to contempt of court so it shouldn't be counted, then you go into the comparison question of analyzing, as those two district courts did that the court issued its order on, as to whether the five-factor analysis under the application note results in a conclusion that it's similar to contempt of court, in which case you wouldn't count it, or it's dissimilar, in which case you would count it. And quite frankly, we weren't anticipating that the United States would agree that violation of protection order under Hawaiian law is a form of contempt of court, which is why this argument was made explicit on a reply brief after the statements that they made in their answering brief. There are some differences, aren't there? There are some differences because you can have different kinds of contempt of court, obviously, and there might be different ways in which you get a violation of protection order. Well, let's talk about one. This protective order arose from domestic difficulties? I believe so, yes. And doesn't the Hawaii statute have provisions for escalating penalties for subsequent violations? It does. And doesn't that suggest that built into the statute is a recognition of the potential for recidivism? Absolutely. Is that true with contempt of court? It's not statutorily true, but this point, I think. So on that point, it's different. Well, yeah, that's true, except that the Hawaii Supreme Court doesn't think it's different because the Hawaii Supreme Court has said that a knowing violation of protective order would be contempt of court. That's the Nalawai case. And they have said in other cases, Keepe and Lloyd, that protective and temporary restraining orders can be and often are prosecuted as contempt of court offenses. So Hawaii doesn't view the offenses as different, and while it's true that one can make distinctions, I don't think those are distinctions that make a difference, particularly not in light of the government's position that violation of the protective order here is contempt of court, as they stated, not mistakenly stated four times in the answering brief. Well, isn't that a question of law, not a question of admission by the U.S.? Well, except that they happen to be right about this point. Well, if they're right, then they're right as a matter of law. If they're not right, it's because they decided to be. In other words, I don't think what you'd like to characterize as a concession really has any binding effect on us in looking at a question of law. Well, I wish I had the confidence the court does on that point. I would say that in appeals, generally, parties are held to the statements they made in their briefs and frequently the statements they make in court. Well, it doesn't apply if there's a question of law. It's just flat out you happen to be wrong on that. The thing that bothers me here is that the domestic abuse protective orders are predicated on an order in which there was a threat of ‑‑ there was a concern that there's a threat of abuse or significant property damage. I don't think that's true. That underlies the domestic order. That's the basis for obtaining one in the first instance. No, that isn't true, Your Honor, because you can obtain an order of protection if what you want is to avoid contact. But what's the basis on which you have to swear out in Hawaii statute in order to get the protection for a no contact order? Isn't it a threat of abuse or a threat of psychological or physical harm? That certainly would be one way to get it. Maybe not one way to get it. What does the Hawaii statute say is what I'm asking you. It certainly says that much, whether it allows the order to be obtained. Well, that's contempt, isn't it? Because if that's the foundation for a domestic protective order and there is a violation of it, it's more than just an ordinary contempt of court, isn't it? Well, I don't think so because ordinary contempt of court, I think, is a judgment already. I mean, contempt of court could be anything. It could be a violation of an order in a labor dispute, for example. It isn't always just failing to show up for a traffic ticket case, which is the ordinary contempt of court. Well, it could hold lawyers in contempt of court for certain conduct, for example. That's true. Right. That's true. Can you get a protective order in Hawaii under this statute by simply going to court saying, I don't want to be around this guy? I've decided I don't like him anymore. Can you keep him away? I think you can if you have previously basically told the person, in this case the ex-husband, I don't want you to come around here anymore, and then the person does come around. You don't have to say I'm in fear. There's been a physical altercation before. I'm intimidated. You can just walk in and say, It hasn't hurt me. It hasn't said anything bad to me. I just don't want to be around this guy anymore. Do you seriously think you could get a protective order on that basis? I think you would not have to allege that there had been a prior threat. I think the allegation that you had been intimidated or felt intimidated might well be enough. But the truth is I don't know the exact answer to your question. Well, that's the same question I asked, and it seems to me that's critical because my understanding of Hawaii law is it requires some kind of imminent threat or imminent event that would relate either to psychological, physical, or property damage so that the violation of that order carries with it the underlying, the potential violation of it carries with it the underlying baggage, if you will, of how you got a why it's a domestic order in the first place. Well, I'm not sure the court is right about that. Okay. Tell me why that wouldn't be the case. Well, if we look at the violations here, in the one circumstance, one of the violations had to do with sending a Valentine's Day card. So I don't think that when you violate a no-contact order by sending a Valentine's Day card that that necessarily, it's certainly a violation of the protective order, which says no contact, but that doesn't necessarily carry with it the baggage or the imminent threat of harm to life or property. Well, it appears that the Hawaii Revised Statute 586.3, Order for Protection, C, a petition for relief shall be in writing and shall allege that a past act or acts of abuse may have occurred. Threats of abuse make it probable that acts of abuse may be imminent or extreme psychological abuse or malicious property damage is imminent. So those are the allegations that must be made in order for protection to be granted. So does that change your argument at all? I don't think it does in light of the Hawaii court's view that violation of protection order is a form of contempt of court. I think it still is a form of contempt of court. Yeah, but it's predicated upon a past act of violence or threat of harm, psychological or physical. But that's not what the guideline says. The guideline says you don't count contempt of court by whatever name it's known. Now, if the guideline needs to be amended or if the Sentencing Commission wrote with too broad a brush here, that's a separate question. Well, the thing is whether it's similar to it. The issue is whether or not it's similar to contempt as a matter of law. We're looking at whether or not the offense is similar to contempt of court. That's what we're looking at. I think you're only looking at whether it's similar to if it's not the same as. Okay, we have your point in line. Thank you. Good morning. May it please the Court. I'm Larry Tong, arguing on behalf of the United States. First, I'd like to point out that a violation of protective order is not specifically excluded from being counted under the guidelines. So the question is, as Judge Rawlinson points out, whether or not it's similar to a contempt offense. So the opposing counsel says you pretty much conceded that point because you agreed in your brief that a violation of an order for protection is contempt of court. We agree it is a form of contempt. There's absolutely no question of that. One thing I would like to point out that's not in the brief, I didn't write the brief. I'm reading the brief and I'm reading the cases, and there's a quote I'd like to bring to the Court's attention. This is from an intermediate court of appeals opinion entitled Nalawai v. Nalawai in the State Court of Hawaii. And on page 99, Hawaii reports at page 367, they reference a specific HRS, Hawaii revised statute, concerning violations of protective orders. And the Court says this, absent HRS 586.11, the statute involved here, a knowing violation of the protective order would be only a criminal contempt of court. Now, I read that as suggesting that, yes, it would be a form of criminal contempt of court, but it's contempt plus. It's something greater than simple contempt. It's something more than a generic interference with the integrity of the court's proceedings or the ability of the court to enforce its own orders. It basically is an additional violation that is predicated, as Your Honor points out, upon precedent acts of violence, threats of harm, imminent danger, sufficient to justify a court in the issuance of a protection order designed statutorily to protect a particular victim. But he said if, you know, if you go to, for example, Hawaii Statute 710.1g, it says, you know, you commit criminal contempt if you knowingly disobey or resist process, injunction, or other mandate of a court. So what he's saying is, well, really, it's the same. It's contempt of court federally is really the same as contempt of court on the state side, which is you violate the order and that we don't get into the similarity argument. What is your response to that? My response to that is we do get into the similarity argument, as in the case of the two district court opinions cited by the court or in the court's order of Bastian and Perkins. We need to evaluate it under the guidelines and the note because it is a different statute, not specifically excluded from computation in the criminal history score. What you have here are convictions not for a statute called contempt. You have convictions for violations of a protection order. That is not specifically excluded. That triggers the analysis of whether this is similar to contempt, even though it could have been charged as a contempt. And as the Nalawai Intermediate Court of Appeals points out, I submit that this is something greater than contempt. Is Nalawai in your brief? Nalawai is in the brief, Your Honor. That particular quote is not brought to the court's attention. But the citation is there. The citation is there. If I may, Your Honor, it's Nalawai versus Nalawai, and it's at 99 Hawaii Reports, 363-55 Pacific 3rd 856. So I understand his argument in terms of the construction of the guidelines. But I think that would run contrary to certainly two district court opinions, no Ninth Circuit opinion, or even court of appeals opinion that I've seen. But the underlying philosophy as reflected in the various cases, including the First Circuit case of Spalding, is that we go through the analysis of looking at the relative severity of the offenses, punishment, society's perception of which one is more important. And if we go down that route, I think there is no question but that these particular convictions should have been counted, as they were, towards the defendant's criminal history. As the court has pointed out, there is an underlying risk of harm to a victim who made the requisite showing to get the protection order in the first instance. There is an inherent concern with recidivism, as reflected by the escalating penalties set forth in the statute. And the penalties themselves reflect an acknowledgment that there is a need to enforce these orders by mandatory jail terms, mandatory fines, and mandatory domestic abuse counseling. When you put all of that together, I think the court clearly did not err in calculating the criminal history score in including these particular offenses. I might point out briefly that Mr. Wolfe talks about the conduct underlying the violation as if that were significant here. In other words, that he sent a Valentine's card to his ex-wife in one instance, and that was a violation. I submit to the court that the conduct that becomes a violation is less important than the risk of harm inherent in the violation. Because clearly, as Judge Rawlinson pointed out, she made a prior showing, based on prior acts, that she felt imminent fear of harm sufficient that a court issued the order in the first place. This kind of reminds me of when we're comparing state statutes and trying to find out if they're crimes of violence. Right. Categorical approach. Right. The categorical approach. Are you sort of suggesting that really this is like, in effect, using a categorical approach where we don't look at the underlying nature of the offense? Or what are you suggesting? What I'm suggesting is that it would understate the significance of his offense to simply say it consisted of sending a Valentine's Day card, because the point is it arises in context where she has made a showing that she is in imminent fear of harm. In terms of the categorical approach, applying that in the ACCA context is one thing. It does not seem to be the type of approach that was embraced in either of the district court opinions in the court's order, nor does it appear to have been the approach embraced in the Spaulding-First Serpi case. So here is the conviction. Let's just take the case of sending Valentine, and maybe, you know, you have the order. Maybe she didn't want the Valentine. Maybe it's an unwanted communication. But in any event, it's a violation. Does that figure into the determination as to whether it's similar to, or instead are you looking at the statute itself? I think you're looking at the statute. And really, I mean, if you look at the particular guideline provision, the note to 4A.1.2c, it doesn't talk so much about the factual inquiry into the conduct, but rather the statute, the elements of the offense, the severity of the conduct, unclear whether that's generic elements or whether that's the specific facts of the offense. And it talks about how society views the particular offenses in terms of the punishment and the like. So if you look at the statute, one thing that distinguishes it here under the HRS scheme is that there are escalating punishments that are designed to address a specific context, namely domestic abuse, that have a concern about the risk of recidivism built into them and have mandatory minimum punishments. And if you look at those elements alone, I submit to you that distinguishes it from the garden variety, generic interference with court business contempt effects. While that's important, I submit this is contempt plus. It's designed for a greater deal of protection involving a particular victim and it's worthy of consideration as a prior conviction. All right. Thank you. Thank you, Your Honor. You've used up your time, but we took most of it, so why don't I give you a minute for rebuttal. All right. So to allude to a point I think Your Honor was making, state contempt is essentially the same as federal contempt. And the Hawaii courts, the appellate courts, have told Hawaii lawyers, and I think really have told this court, that violation of protection order is the same as state contempt. There may be some other factors. There's certainly a factual distinction if one can make any particular case. But I think that answers the question that is presented by this issue. And so to respond to your point, I think this really is more of a categorical analysis that one would want to make than a fact-based inquiry. My point about the Valentine's card was simply that the violation of order of protection doesn't necessarily carry with it all the negative implications of the original issuance of the order. And I don't even know if that makes any difference to the analysis, but I think the key to the analysis is simply that state and federal contempt are the same, and the Hawaii courts have told us that this protective order is a form of contempt. And I think that ends the inquiry. It's either the same offense or a similar offense. Thank you. Thank you, counsel, for your argument this morning. United States v. Lichtenberg is submitted.
judges: Hawkins, McKeown, Rawlinson